UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X       Judge Sullivan

CHARON HAYES,                                                  10 cv 6103
                       Plaintiff,           **COMPLAINT**

    -against-

NEW YORK CITY,
POLICE OFFICER FRANCISCO A DELOSSANTOS SHIELD # 9057 OF THE 81ST
PRECINCT and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.

                                    **JURY TRIAL DEMANDED**

                              Defendant(s).
--------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and .

3     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1).

5     This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6     The plaintiff, CHARON HAYES, is an adult male resident of Kings County in the City and State of New York.

7     Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

8     Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF

NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and at all times relevant defendants POLICE OFFICER FRANCISCO A DELOSSANTOS SHIELD # 9057 OF THE 81ST PRECINCT and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9 The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10 This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

11 Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

12 On June 16, 2010 in Brooklyn, New York near Greene Street and Patchen Avenue at about 9:00 PM plaintiff was taken into custody, by the defendants, premised on an allegation he had committed a minor, non-violent offense.

13 In the course of arresting plaintiff, he was thrown against a car and while face down on the ground and after he was handcuffed behind his back, he was kicked repeatedly in the head and body and struck with batons.

14 Plaintiff was subsequently lifted off the ground by his handcuffs, and despite being seriously injured, he was taken directly to the 81st precinct.

15 Plaintiff was subsequently brought to Woodhull Hospital while still in custody.

16 Plaintiff was pressured by the police to leave the hospital quickly, despite his serious injury.

17    Plaintiff was subsequently arraigned and released.

18    Shortly after his post arraignment release, plaintiff returned to Woodhull Hospital where he was operated on due to serious injuries to his left eye and the surrounding area.

19    On July 13, 2010, a notice of claim was served on the Comptroller of the City of New York on behalf of plaintiff, and as of this date plaintiff's demand for payment has not been addressed by the defendants and no 50-H hearing has yet been conducted.

20    More than thirty days have elapsed since the service of plaintiff's notice of claim and adjustment or payment thereof has been neglected or refused.

21    The state claims in this matter are commenced within one year and ninety days of when the actions giving rise to this litigation arose and the federal claim is brought in a timely manner within three years of the date when it accrued.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

22    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

23    Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him both before and after he was handcuffed.

24    The excessive force which the plaintiff was subjected to, was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive and unreasonable force they employed especially while the plaintiff was already in handcuffs and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

25    The defendants who witnessed the use of excessive force and failed to exercise their

affirmative duty to intervene, when they had a reasonable opportunity to do so, are liable to the plaintiff along with those officers who directly participated in the use of excessive and unreasonable force.

26  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

27  By reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, hospitalizations, surgery, he incurred permanent scarring, diminished vision in his left eye, he was cut and bruised, he was subjected to other physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms, he was prevented from performing his necessary affairs of business, he has incurred lost wages, medical bills, he faces future medical care and expenses for said care and plaintiff was otherwise harmed.

28  By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR AN SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### NEW YORK STATE LAW VIA
### BATTERY

29  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30  The defendants have committed the common law tort of battery on the plaintiff.

31  The defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

32	New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

33	The battery of the plaintiff was initiated by the defendants, their agents, servants and employees, without any legal justification or necessity to use any force much less the excessive and unreasonable force which was employed.

34	By reason of the unlawful assault and battery of the plaintiff, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, hospitalizations, surgery, he incurred permanent scarring, diminished vision in his left eye, he was cut and bruised, he was subjected to other physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms, he was prevented from performing his necessary affairs of business, he has incurred lost wages, medical bills, he faces future medical care and expenses for said care and plaintiff was otherwise harmed.

35	By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and the plaintiff is entitled to an award of punitive damages.

**AS AND FOR AN THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
NEW YORK STATE LAW VIA
ASSAULT**

36	Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37	The defendants have committed the common law tort of assault on the plaintiff.

38	The defendants caused the plaintiff to be in apprehension of an imminent, unconsented harmful and offensive touching by the defendants.

39	By reason of the unlawful assault on the plaintiff, the plaintiff suffered fear, anxiety, humiliation and various emotional harms and he was otherwise harmed.

40	By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE

MILLION ($1,000,000.00) DOLLARS and the plaintiff is entitled to an award of punitive damages.

### AS AND FOR AN FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### NEW YORK STATE LAW VIA
### NEGLIGENT HIRING, RETAINING AND TRAINING

41     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42     The defendants have committed the common law tort of negligent hiring, retaining and training.

43     Defendant NYC fails to train, supervise, discipline and/or monitor its police officers and specifically the individual defendants in this matter in judiciously using force.

44     NYC knew or should have known of the individual defendant officers propensities and practices, yet they failed to adequately train, supervise, discipline, monitor and they continued to retain the defendants which directly resulted in plaintiff's harms.

45     By reason of NYC negligently hiring, retaining and training the defendant individual officers, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, surgery, he has permanent scarring, he has diminished vision in his left eye, he was cut and bruised, he was subjected to other physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms, he was prevented from performing his necessary affairs of business, he has incurred lost wages, medical bills, he faces future medical care and expenses for said care  and the plaintiff was otherwise harmed.

46     By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not

to exceed THREE MILLION ($3,000,000.00) DOLLARS, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988 on the First Cause of Action; THREE MILLION ($3,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action and in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS on the Fourth Cause of Action, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 16, 2010
    New York, New York

/ s /
FRED LICHTMACHER (FL-5341)
Attorney for Plaintiff
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:    Michael Cardozo
    Corporation Counsel City of New York
    100 Church Street
    New York, New York 10007